**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **BETTY ANN CANTU CLARK,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:09-CV-122-C** |
| | § | **ECF** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

## MEMORANDUM ORDER AND OPINION

**THIS CASE** is before the court upon Plaintiff's complaint filed July 8, 2009, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on October 23, 2009, and Defendant filed a brief on November 10, 2009. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on September 14, 2009 (Doc. 14), and September 21, 2009 (Doc. 18). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I.    STATEMENT OF THE CASE

Plaintiff protectively filed an application for SSI benefits on January 3, 2007, alleging disability beginning June 30, 2004. Tr. 10, 68-79. Plaintiff's application was denied initially and upon reconsideration. Tr. 10, 35-39, 44-47. Plaintiff filed a Request for Hearing by Administrative

Law Judge on August 16, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on March 4, 2008. Tr. 10, 20-32, 48-49. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 22-29. The ALJ issued a decision unfavorable to Plaintiff on June 25, 2008. Tr. 7-16.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He noted that Plaintiff's alleged disability date was well before the protective filing date of the application; that he must decide if Plaintiff had been disabled since the protective filing date of her application; and that he need not determine the exact date Plaintiff lost the ability to work. He therefore referred to January 3, 2007, as the alleged disability date. Tr. 11. He found that Plaintiff had not engaged in substantial gainful activity at any time since January 3, 2007. Tr. 15. Plaintiff has "severe" impairments, including insulin-dependent diabetes mellitus, with peripheral neuropathy, and hypertension. Tr. 11, 15. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 15-16. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 12.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 16.

The ALJ found that Plaintiff could return to her past relevant work as a convenience store cashier. Tr. 15. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 11, 15-16.

Plaintiff submitted a Request for Review of Hearing Decision/Order on August 26, 2008. Tr. 5-6. The Appeals Council denied Plaintiff's request and issued its opinion on May 4, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On July 8, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work. Tr. 11, 16.

## III.  DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence and alleges that the ALJ erred by substituting his own lay medical opinion and picking and choosing among the evidence, failed to consider all the evidence, erred in making his credibility determination, and failed to appropriately consider the opinions of Plaintiff's treating physicians.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

Plaintiff argues that the ALJ failed to appropriately consider all the pieces of the evidence, substituted his medical judgment for that of medical professionals, and did not give weight to the opinion of Dr. Bid A. Cooper using the factors of 20 C.F.R. § 404.1527(d).

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record,"

-4-

including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-8p").

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986). The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5 Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* However, in weighing the evidence, the ALJ is not free to reject the uncontroverted opinions of a treating physician regarding the limitations imposed by Plaintiff's impairments solely because he has a different interpretation of the evidence. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir

2003) (where the Fifth Circuit noted in dicta that the ALJ should not substitute his own medical conclusions about the effects of the claimant's impairments).

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456.

However, "[a]mong the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank*, 326 F.3d at 620 (citing 20 C.F.R. § 404.1527(e)(1)).

Unless the Commissioner gives a treating source's opinion controlling weight, the Commissioner will consider six factors in deciding the weight to give to any medical opinion. 20 C.F.R. § 404.1527(d). The Fifth Circuit held in *Newton* that "an ALJ is required to consider each of the [six] factors before declining to give any weight to the opinions of the claimant's treating specialist." *Newton,* 209 F.3d at 456. Thus, the ALJ is required to consider the six factors if he does not give a treating source's opinion controlling weight or if he declines to give the opinion of a treating specialist any weight. Pursuant to Soc. Sec. Ruling 96-2p (July 2, 1996) ("SSR 96-2p"), and 20 CFR §§ 404.1527(a) and 416.927(a), "medical opinions" are opinions about the nature and severity of an individual's impairment(s) and are the only opinions that may be entitled to

controlling weight. The requirement that the ALJ discuss the six factors set forth in *Newton* and 20 C.F.R. § 404.1527(d) applies only to medical opinions and does not apply to conclusory statements that a claimant is disabled. *Frank*, 326 F.3d at 620.

Plaintiff takes issue with the ALJ's finding that the objective medical evidence established that she has medically determinable, severe impairments capable of producing the type of subjective complaints she expresses. In so finding the ALJ was appropriately weighing the evidence, rather than substituting his own judgment for that of medical professionals. Moreover, this finding is essential in making the credibility determination, which is also within the province of the ALJ. Plaintiff notes that Dr. Cooper indicated his impression of uncontrolled insulin dependent type II diabetes mellitus. Tr. 154. Plaintiff notes that the ALJ did not specifically accept this impression as a medical opinion.

In his opinion the ALJ noted that Dr. Cooper conducted a consultative internal medicine exam on July 10, 2006, and also noted his diagnosis. Tr. 13. The ALJ also noted the medical evidence provided by Plaintiff's other treatment providers. The ALJ found that Plaintiff's severe impairments included diabetes mellitus and specifically addressed any limitations imposed by peripheral neuropathy.

The ALJ also appropriately made his credibility determination. Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity,

persistence, and limiting effects of the individual's symptoms to determine the extent

to which the symptoms limit the individual's ability to do basic work activities. For

this purpose, whenever the individual's statements about the intensity, persistence,

or functionally limiting effects of pain or other symptoms are not substantiated by

objective medical evidence, the adjudicator must make a finding on the credibility

of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the

individual's daily activities; the location, duration, frequency, and intensity of the individual's pain

or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage,

effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain

or other symptoms; treatment, other than medication, the individual receives or has received for

relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms;

and any other factors concerning the individual's functional limitations and restrictions due to pain

or other symptoms. *Id*.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in

the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925

F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be

weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008,

1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective

evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024

(5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a

factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if

supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones*, 829 F.2d at 527).

In this case the ALJ made a finding regarding Plaintiff's subjective complaints of pain and found that her testimony and allegations concerning the functional limitations imposed by her pain and symptoms were not entirely credible because they were inconsistent and not reasonably supported by the objective medical and other evidence. Tr. 18. "How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir.1991) (citing *Villa*, 895 F.2d at 1022). Subjective evidence need not take precedence over objective evidence, and the factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024. The court finds that the ALJ's evaluation of Plaintiff's credibility and the credibility determination is supported by substantial evidence. The ALJ did not err in making his credibility determination.

Plaintiff argues that the ALJ should have considered the degree to which her mental impairment may have affected her experience of pain. As noted above, the court has found that the ALJ's severity finding, indicating that Plaintiff's mental impairment did not limit her ability to perform basic work activities, is supported by substantial evidence. Thus, the ALJ was not required to consider any such limitations, having found none, in making his RFC determination.

Plaintiff argues that the ALJ should have considered the degree to which her obesity may have contributed to "lack of mental clarity and interference with social functioning." The ALJ found no such limitations.

Plaintiff notes that the ALJ indicated in his opinion that she was obese but argues that he failed to otherwise evaluate her obesity as a medically determinable impairment and failed to ascribe any specific limitations to this impairment in formulating his RFC finding.

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider

the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. See 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*

In his opinion the ALJ evaluated the medical evidence of record. Tr. 11-14. The ALJ noted Dr. Gustavo Gross's report of occasional failed appointments and medical noncompliance with variable control of blood glucose. Tr. 11. The ALJ noted Plaintiff's subjective complaints of severe neuropathic symptoms. Tr. 12. He noted that Plaintiff reported some numbness and tingling but did not mention neuropathy when admitted to the hospital on March 30, 2008. *Id.* The ALJ found that Plaintiff's inconsistent statements have fundamentally damaged her credibility. *Id.* The ALJ noted Plaintiff's testimony of elevated blood sugars even when taking her medication and maintaining a diet. *Id.* The ALJ noted Dr. Cooper's impression and his findings upon examination that Plaintiff walked "okay" and her report of left lower extremity pains. Tr. 13. The ALJ noted the reports of Plaintiff's inpatient treatment from January 18 through 20, 2007, wherein a treating physician noted no focal sensory or motor deficits, blood glucose controlled with insulin, and a history of never obtaining follow-up care. *Id.*

The ALJ specifically discussed notations in the medical evidence indicating noncompliance by Plaintiff. Plaintiff argues that the ALJ failed to question her about such noncompliance. However, the ALJ is responsible for the credibility determination. The record and the opinion of the ALJ demonstrate that he considered the record as a whole in weighing the evidence, in making his credibility determination, and in formulating the RFC.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse*, 925 F.2d at 790 (citing *Bradley*, 809 F.2d at 1057).

The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse*, 925 F.2d at 790. The ALJ's opinion discussed the whole of the evidence; the ALJ did not "pick and choose" only the evidence which supported his position. *See Loza*, 219 F.3d at 393.

Plaintiff argues that the ALJ failed to consider her report of a 150 pound weight loss and a report of obvious muscle wasting. Tr. 304, 370. However, the ALJ is not required to discuss every piece of evidence. Plaintiff has not alleged that she is disabled because of intractable pain; indeed, as the ALJ noted, Plaintiff discontinued taking pain medication. Plaintiff argues that the ALJ failed to consider evidence suggesting that she was unable to use her dominant left hand. However, the ALJ specifically noted Plaintiff's subjective reports. The ALJ is not required to incorporate limitations into the hypothetical question or RFC determination that he does not find supported by the record. *See Morris*, 864 F.2d at 336.

The court finds that the ALJ did not err by failing to consider all of the evidence regarding Plaintiff's impairments and the limitations imposed therein. The ALJ appropriately considered the evidence of record in making his credibility determination and RFC finding. Both of these findings and the ALJ opinion is supported by substantial evidence in the record.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the Commissioner's decision should be affirmed and that the Plaintiff's complaint should be dismissed with prejudice.

A judgment in favor of the Defendant shall be entered in accordance therein.

DATED this 30th day of September, 2010.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**